| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br>Petitioner, <br><br>v. <br><br>CHRISTIAN PFFIFER, <br><br>Respondent. | Case No. 1:18-cv-01547-LJO-JDP (HC) <br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENY REPONDENT'S MOTION TO DISMISS AS MOOT <br><br>ECF Nos. 1, 9 <br><br>ORDER GRANTING PETITIONER'S MOTION TO HAVE AMENDED PETITION SUPERSEDE ORIGINAL PETITION <br><br>ECF No. 17 <br><br>OBJECTIONS DUE IN 14 DAYS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Petitioner Christopher Lipsey, Jr., a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Respondent moves to dismiss the petition, ECF No. 9, and in response, petitioner has moved to amend the petition to cure certain deficiencies in the original petition, ECF No. 13. We grant petitioner's motion to amend. The amended petition supersedes the original petition, so respondent's motion to dismiss, which is directed at the original petition, is moot. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). We recommend that the court deny respondent's motion to dismiss as moot.

1

The amended petition, however, remains defective, and this court lacks jurisdiction over it. A federal court has an independent duty to examine its jurisdiction. *See Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1036 (9th Cir. 2013). Because the success of the petition would not necessarily result in earlier release for petitioner, who is serving an indeterminate sentence, this court lacks jurisdiction to grant habeas relief, and we must dismiss the case even in the absence of a motion to dismiss from respondent. We therefore recommend dismissal.

**I.     Background**

Petitioner is serving an indeterminate sentence of forty-seven years to life in prison after being convicted of attempted murder. *See People v. Lipsey*, No. B216787, 2010 WL 4886219, at *1 (Cal. Ct. App. Dec. 2, 2010). Petitioner does not challenge the attempted-murder conviction that resulted in his custody. Instead, all habeas claims in this case pertain to an ongoing criminal proceeding in state court, which arises from an incident in which petitioner allegedly assaulted a correctional officer in 2016.

On the date of the alleged assault, petitioner was handcuffed and confined in a special housing unit, where he had been held for almost two years for an unidentified reason. ECF No. 13 at 2. According to petitioner, he was "suicidal and homicidal" after carrying out various acts of self-harm, such as cutting himself with a sharp object and attempting to burn himself. *Id*. at 1-8.[1] A psychiatrist came to petitioner's cell and told a correctional officer nearby that "someone should be watching [petitioner] until" he is "admitted into a crisis bed." *Id*. at 5. Petitioner alleges that, despite the psychiatrist's instruction, the correctional officer did not monitor petitioner and watched television instead. While unobserved, petitioner contorted his body to move his restrained hands forward and picked the lock of his cell. *Id*. at 1-3, 5. He exited his cell and threw a chair at the correctional officer. *Id*. at 5.

In 2017, a criminal proceeding against petitioner commenced in Kings County Superior Court, where the government charged petitioner with one count of assault by a life prisoner. *See*

---

[1] Petitioner alleges that he was receiving psychiatric treatment, and several exhibits attached to the amended complaint indicate that he has been diagnosed with various conditions, including Depressive Disorder, Schizoaffective Disorder, and Antisocial Personality Disorder. ECF No. 13 at 27, 32.

Cal. Penal Code § 4500; ECF No. 11-1 at 1-3; ECF No. 11-2 at 1-8. In 2018, while his criminal case in state court was pending, petitioner filed a federal habeas petition in this case. ECF No. 1.

**II. Discussion**

Petitioner raises three habeas claims in his amended petition: (1) the state trial court violated his right to speedy trial by failing to hold trial within 90 days of his demand for jury trial; (2) petitioner received ineffective assistance of counsel, who failed to prevent destruction of a video recording from the day of the alleged assault; and (3) prison officials subjected petitioner to cruel and unusual punishment when they failed to take safety measures that could have restrained petitioner and prevented the assault. The court must dismiss the case for lack of jurisdiction.

If a prisoner's claim "would necessarily demonstrate the invalidity of confinement or its duration," a habeas petition is the appropriate avenue for the claim. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). In contrast, if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," he may assert his claim only under Section 1983. *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc). In *Nettles*, the Ninth Circuit considered a habeas petition challenging a prison disciplinary action against a habeas petitioner who was eligible for a parole hearing. *See id*. at 925. Because the petitioner was serving an indeterminate term, a parole board could deny parole even if the challenged disciplinary violation were expunged. *See id*. at 934-35. The Ninth Circuit concluded that the court lacked habeas jurisdiction because the "success on [petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement," and thus his habeas did not "fall within the core of habeas corpus." *Id*. at 935.

Here, this court lacks jurisdiction to grant habeas relief because the success on petitioner's claims would not necessarily lead to his earlier release. Petitioner is serving an indeterminate sentence of forty-seven years to life in prison, and he must remain in custody until a parole board finds him suitable for parole. *See* ECF No. 1 at 5; *Lipsey*, 2010 WL 4886219, at *1. Petitioner cannot show that the success of his habeas petition would necessarily lead to his earlier release because, even if he is not found guilty of the 2016 assault in state court, the parole board must consider a long list of other factors before releasing him on parole. *See* Cal. Code Regs. tit. 15,

§ 2402(b); *In re Vicks*, 56 Cal. 4th 274, 294-99 (2013) (discussing California's parole system and regulatory factors).[2] A violent offense such as assault may show "serious misconduct in prison," which is one of the listed circumstances that tend to show unsuitability for parole. *See* Cal. Code Regs. tit. 15, § 2402(c)(6). However, the listed circumstances provide "general guidelines" and do not preclude consideration of other matters. *See Menefild v. Bd. of Parole Hearings*, 13 Cal. App. 5th 387, 394-95 (Cal. Ct. App. 2017); *accord In re Lawrence*, 44 Cal. 4th 1181, 1203 (2008) ("[T]he importance attached to any circumstance or combination of circumstances in a particular case is left to the judgment of the panel."). "Because the parole board has the authority to deny parole on the basis of any of the grounds presently available to it," prevailing in this habeas proceeding—and ultimately in his state criminal proceeding arising from the 2016 assault—would not compel petitioner's release on parole. *Nettles*, 830 F.3d at 935.

The remaining question is whether the court should convert the amended petition into a complaint claiming violations of civil rights under Section 1983. The Ninth Circuit has remanded cases that were subject to dismissal under *Nettles* back to district courts, directing the lower courts to consider converting habeas petitions into civil rights complaints. *See Nettles*, 830 F.3d at 936. "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it

---

[2] The pertinent regulations provide that the parole board must consider the following:

> All relevant, reliable information available to the panel shall be considered in determining suitability for parole. Such information shall include the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.

Cal. Code Regs. tit. 15, § 2402(b).

warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Id*.

Here, petitioner has named the warden of his prison as respondent and no one else as a party, so the amended petition is not amenable to conversion on its face. Moreover, the petition, construed as a civil complaint, would not pass screening because none of the three claims asserted by petitioner is cognizable. We assess each of the three claims in turn.

First, petitioner cannot prevail on his claim that the state trial court violated his right to speedy trial. Petitioner waived his right to a speedy trial during his state criminal proceeding before asserting his claim of speedy-trial violation in this case. *See* ECF No. 11-2 at 16. In addition, the trial court continued a scheduled trial date because petitioner filed a *Pitchess* motion. *See id*.[3] A criminal defendant cannot show violation of his right to speedy trial when the challenged delay is attributable to his own conduct. *See Stabile v. Lamb*, 416 F.2d 458, 458 (9th Cir. 1969) (rejecting habeas claim of speedy-trial violation and noting that district court "was on solid ground when it found that the responsibility for the delay was largely attributable to the appellant and that he, not the state, prevented an early trial."); *United States v. Merkel*, 357 F. Supp. 3d 1060, 1070 (D. Or. 2019) (reasoning that defendant cannot show speedy-trial violation when the challenged delay is attributable to his own conduct).

Second, petitioner has not stated a claim of ineffective assistance of counsel. He argues that his trial attorney was ineffective because some unidentified correctional officers destroyed certain video footage that could have been helpful to his defense. *See* ECF No. 13 at 19-20. But he does not explain why his trial attorney can be faulted for those correctional officers' actions.

Third, petitioner claims cruel and unusual punishment for prison staff's failure to prevent the assault he committed. He alleges that prison staff should have:

> (1) immediately pull[ed] petitioner out of his cell when he began to feel suicidal and homicidal; (2) lock[ed] the cell; (3) use[d] a

---

[3] A *Pitchess* motion asks for "access to records of complaints, or investigations of complaints, or discipline imposed as a result of those investigations" of "law enforcement and custodial personnel." *See Pitchess v. Superior Court*, 11 Cal.3d 531, 113 (1974), *superseded by* Cal. Penal Code §§ 832.7, 832.8, Cal. Evid. Code §§ 1043-1045; *accord Hernandez v. Holland*, 750 F.3d 843, 850 n.7 (9th Cir. 2014).

5

> "triangle lock"; (4) ha[d] someone stand-by for monitoring;
> (5) promptly call[ed] a psychiatrist; and (6) promptly escort[ed]
> petitioner to an infirmary for treatment.

ECF No. 13 at 21-22. These allegations lack merit. As petitioner has admitted, he was handcuffed and confined in a special housing unit, but despite such restraints, he somehow managed to break out of his cell after picking the lock of his cell and then assaulted a correctional officer. *Id*. at 1-3, 5. Petitioner does not explain how the measures that he has listed could have prevented the assault he committed. Although prison officials must alleviate safety risks posed by mentally-ill inmates in some cases, *see Disability Rights Montana, Inc. v. Batista*, 930 F.3d 1090 (9th Cir. 2019), a prison official's "failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment," *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). What happened here is negligence at best, given the circumstances, and we are satisfied that the amended petition, construed as a civil complaint, cannot pass screening. In sum, the court should dismiss the case for lack of jurisdiction without converting the petition into a civil rights complaint.

### III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not disagree with our conclusion or conclude that petitioner should proceed further. Thus, the court should decline to issue a certificate of appealability.

**IV. Order**

Petitioner's motion to have the amended petition supersede the original petition, ECF No. 17, is granted.

**V. Findings and Recommendations**

We recommend that the court deny respondent's motion to dismiss, ECF No. 9, as moot, dismiss the case for lack of jurisdiction, and decline to issue a certificate of appealability.

We submit the findings and recommendations to the U.S. District Court Judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   August 23, 2019                                        /s/ Jeremy Peterson
                                                         UNITED STATES MAGISTRATE JUDGE

No. 202