UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br> Petitioner, <br><br> v. <br><br> CHRISTIAN PFFIFER, <br><br> Respondent. | Case No. 1:18-cv-01547-LJO-JDP (HC) <br><br> ORDER DENYING MOTION FOR RECONSIDERATION <br><br> ECF No. 22 |

## I. RELEVANT PROCEDURAL HISTORY

Petitioner Christopher Lipsey, Jr., a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. On August 23, 2019, this Court issued findings and recommendations that the Court dismiss the petition due to lack of jurisdiction and deny Respondent's motion to dismiss as moot. (ECF No. 18.) On September 9, 2019, Petitioner filed objections to the findings and recommendations. (ECF No. 19.) Two days later, on September 11, 2019, this Court adopted the findings and recommendations, thereby dismissing the case. (ECF No. 20.) In its order adopting the findings and recommendations, the Court inadvertently stated that Petitioner did not object to the findings and recommendations. Id. The Court declined to issue a certificate of appealability, and the case was closed. On September 30, 2019, Petitioner

1

filed the instant motion for reconsideration. (ECF No. 22.) The court will now address Petitioner's objections to the findings and recommendations, (ECF No. 19), along with his motion for reconsideration. (ECF No. 22).

## II. OBJECTIONS TO THE FINDINGS AND RECOMMENDATIONS

In his objections to the findings and recommendations, Petitioner requests this Court to stay proceedings in his habeas claim until the resolution of his separate state court speedy trial claim. (ECF No. 19). The Court rejects Petitioner's request to stay the proceedings because this Court lacks jurisdiction to hear his habeas claim. Petitioner is serving an indeterminate sentence of forty-seven years to life in prison. See People v. Lipsey, No. B216787, 2010 WL 4886219, at *1 (Cal. Ct. App. Dec. 2, 2010). In 2017, a criminal proceeding commenced against Petitioner for assault. ECF No. 11-1 at 1-3; ECF No. 11-2 at 1-8. In his habeas petition, Petitioner only challenged the validity of the ongoing criminal assault proceeding. (ECF No. 1). Because Petitioner has only challenged this most recent criminal proceeding and has not challenged his initial criminal conviction which carries the forty-seven years to life sentence, success in Petitioner's habeas claim would not necessarily result in an earlier release for Petitioner. (ECF No. 18). As explained in the findings and recommendations (ECF No. 18), when the success of a habeas corpus petition would not necessarily result in an earlier release for the Petitioner, this Court lacks jurisdiction to grant habeas relief. See Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (en banc).

## III. MOTION FOR RECONSIDERATION

Fed. R. Civ. P. 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an

opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Local Rule 230(j) requires Petitioner to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Here, Petitioner has failed to meet the requirements for granting a motion for reconsideration under Fed. R. Civ. P. 60(b). In his motion for reconsideration (ECF No. 22), Petitioner makes the same request made in his objections to the findings and recommendations: that his habeas claim be stayed pending resolution of his state court claim. (ECF No. 19.) Petitioner also asks this court to take notice of his filing of objections to the findings and recommendations. (ECF No. 22.) Petitioner has failed to provide any arguments in his motion for reconsideration that demonstrate that this Court has jurisdiction over his case.

Petitioner has not shown "surprise, or excusable neglect;" he has not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, he has not presented any other reasons justifying relief from judgment. Fed. R. Civ. P. 60(b). In addition, Petitioner has not shown "new or different facts or circumstances." Local Rule 230(j). Petitioner's motion did raise the Court's "mistake" or "inadvertence" (Fed. R. Civ. P. 60(b)(1)) in its order adopting finding and recommendations. (ECF No. 20.) This Court inadvertently stated that Petitioner had not raised any objections to the findings and recommendations. Id. However, the Court has now fully addressed Petitioner's objections, correcting the inadvertence.

3

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on September 30, 2019, is DENIED.

IT IS SO ORDERED.

Dated: __**October 4, 2019**__     _____**/s/ Lawrence J. O'Neill**_____
                                    UNITED STATES CHIEF DISTRICT JUDGE

No. 206

4