UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., | Case No. 1:18-cv-01547-LJO-JDP |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | ECF No. 24 |
| CHRISTIAN PFFIFER, | |
| Respondent. | |

Petitioner Christopher Lipsey, Jr., a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. In his petition and amended petition, Petitioner sought habeas relief prematurely, during the pendency of his state court trial for assault while incarcerated. (ECF No. 1, 13). On August 23, 2019, this Court issued findings and recommendations that the Court dismiss the petition due to lack of jurisdiction and deny Respondent's motion to dismiss as moot. (ECF No. 18.) These findings and recommendations were adopted on September 11, 2019, thereby dismissing the case. (ECF No. 20). On September 29, 2019, Petitioner was convicted of assault in the state court proceedings. (ECF No. 24 at 3). On September 30, 2019, Petitioner filed a motion for reconsideration, requesting that the instant petition be stayed pending exhaustion of his state court claims. (ECF No. 22). Petitioner's motion for reconsideration was denied on October 7, 2019. (ECF No. 23). Petitioner now seeks reconsideration of the final

judgment a second time, requesting again that the instant petition be stayed pending exhaustion of his state court claims. (ECF No. 24).

**MOTION FOR RECONSIDERATION**

Fed. R. Civ. P. 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id*. (internal quotation marks and citation omitted). Local Rule 230(j) requires Petitioner to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Here, Petitioner has failed to meet the requirements for granting a motion for reconsideration under Fed. R. Civ. P. 60(b). In his motion for reconsideration (ECF No. 24), Petitioner makes the same request made in his objections to the findings and recommendations and his previous motion for reconsideration: that his habeas claim be stayed pending exhaustion of his state court claims. (ECF No. 19, 22). Petitioner has not shown "surprise, or excusable neglect;" he has not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, he has not presented any other reasons justifying relief from judgment. Fed. R. Civ. P. 60(b). In addition, Petitioner has not shown "new or different facts or circumstances." Local Rule 230(j). Instead, Petitioner seeks to have his prematurely filed petition stayed while he seeks state court habeas relief related to his September 2019 assault conviction. Petitioner may bring new claims which arose after the filing of the instant federal petition in a new federal petition after these claims are properly exhausted at

the state level.  Petitioner may not, however, revive his dismissed petition through a motion for reconsideration because he has failed to state adequate grounds under Fed. R. Civ. P. 60(b).

**CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration, filed on October 23, 2019, is DENIED.

IT IS SO ORDERED.

Dated: **January 13, 2020**          **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE